## Commonwealth ex rel. v. Taggart

*M. V. McGuire, James J. Gallagher* and *D. J. Boyle*, for relator.

*Roy P. Hicks, Penrose Hertzler* and *Arthur Littleton*, for respondent.

DALTON, J., May 17, 1948.—On November 18, 1946, the council of the Borough of Shenandoah enacted an ordinance regulating strip mining of anthracite coal within the borough. The Philadelphia and Reading Coal and Iron Company and the Shen-Penn Production Company, a wholly owned subsidiary of the former

company, filed appeals from the ordinance in this court. Six hearings on the appeals were held during the months of April and March, 1947.

On August 1, 1947, respondent, who is the president of the Philadelphia and Reading Coal and Iron Company, sent to the writer of this opinion a letter from which we quote in part as follows:

"Both appeals from said ordinance are presently pending before your honorable court, and several hearings have been had, the last of which hearings was held on April 23, 1947. Said hearing was adjourned until May 15, 1947, but no hearing was held on the latter date because prior thereto your honor continued it of his own motion. A further date for hearing was fixed, but that too was continued by your honor, and at the present time there has been no date fixed for hearings to complete the taking of testimony in these appeals.

"In the meantime, the Legislature of Pennsylvania has passed, and Governor Duff has signed, House Bill 1353, which has become Act No. 472 of the General Assembly of Pennsylvania for 1947. By this act in the opinion of our counsel, the Commonwealth of Pennsylvania has occupied the field of the regulation of the mining of anthracite by the open pit or strip mining method.

"In view of all these facts, it is the intention of both Shen-Penn Production Company and The Philadelphia and Reading Coal and Iron Company to proceed forthwith in accordance with the provisions of said Act No. 472 to begin strip mining of their coal in the Borough of Shenandoah unless your honorable court forbids them so to do."

At the suggestion of the writer of this opinion, respondent subsequently sent copies of this letter to all counsel of record. The Borough of Shenandoah thereupon obtained a rule to show cause why respondent

should not be adjudged in contempt of court. An answer was filed, hearing had, and oral argument thereon.

Private communications from a litigant to a judge before whom the cause is pending, concerning the matter in litigation, are always highly improper and, depending on their contents and the circumstances, may constitute contempt of court. See the annotations collected in 31 A. L. R. 1239, 1245.

The letter here in question seemed to carry an inference that the hearing judge was responsible for the long delay in concluding the hearing. The truth as to this matter is that on May 19, 1947, the hearing judge and counsel for the Borough of Shenandoah became engaged in a jury trial which continued for almost four weeks, and that no hearing was thereafter had in the ordinance appeals because of the failure of counsel to agree on a date for further hearing, as counsel well knew.

Furthermore, the letter gave private and personal notice to the hearing judge of an intention to begin strip mining within the said borough, unless the court should forbid. Inasmuch as no copy of this communication was addressed to opposing counsel, the implication we read in it is that respondent proposed to disregard the usual settled methods of judicial procedure and to take ex parte action, treating the matter as if it were a private and confidential transaction between respondent and the court.

At the oral argument, counsel for respondent admitted in open court that the letter had been prepared by counsel; that it had been submitted to respondent for signature and sent by him upon the advice, and with the approval, of counsel. Of course, counsel should have been aware of the grave impropriety in their client's addressing a private communication to the court.. But under the circumstances, since it appears that respondent was not aware of the impropriety and acted only on the advice and with the approval of his counsel, we feel

that he should not be penalized for the indiscretion of his counsel.

For this reason, we adjudge respondent not guilty of contempt.

And now, May 17, 1948, the rule to show cause why respondent should not be adjudged in contempt of court is discharged.